RECEIVED
MAR 21 2013
AT 8:30_____M
WILLIAM T. WALSH CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN CUNLIFFE-MARTIN, | |
| Plaintiff, | |
| v. | Civil Action No. 12-2887 (MAS) (LHG) |
| | **MEMORANDUM OPINION** |
| PRINCETON UNIVERSITY, | |
| Defendant. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Princeton University's ("Princeton") Motion to Dismiss, or in the alternative, Motion for Summary Judgment filed on August 22, 2012.[1] (Def.'s Mot., ECF No. 13; Def.'s Br., ECF No. 11-1.) On September 17, 2012, *pro se* Plaintiff Ann Cunliffe-Martin ("Plaintiff" or "Cunliffe-Martin") filed Opposition to the Motion. (Pl.'s Opp'n., ECF No. 14.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Rule 78. For the reasons stated in this Opinion, and other good cause shown, Defendant's Motion to Dismiss is GRANTED, without prejudice.

**I.   Background**

Plaintiff's Complaint alleges that she was terminated from her job as a staff nurse at Princeton University, McCosh Health Center because of her disability, as well as her age. (Compl., ECF No. 1.) Plaintiff filed a claim with the EEOC. (*Id.*) By way of notice mailed

---

[1] Defendant resubmitted the Notice of Motion due to the lack of a signature in the initial filing (ECF No. 11.)

February 15, 2012, the EEOC found that it was unable to conclude that the information provided established a statutory violation. (*Id.*) Additionally, the EEOC informed Plaintiff that if she were to file a lawsuit, she must do so within 90 days. (*Id.*)

Plaintiff filed a Complaint with this Court on May 15, 2012. (*Id.*) Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) on August 22, 2012. Plaintiff submitted correspondence to the Court in response to Defendant's Motion to Dismiss. However, Plaintiff's submissions contain no substantive response to the currently pending motion. Rather, Plaintiff asserts that she is trying to be reinstated as a staff nurse and that she "misses her colleagues and friends a great deal." (Pl.'s Resp., ECF No. 14.) Plaintiff makes no mention of any legal authority in her papers to support her claim of discrimination. In her October 9, 2012 correspondence, she states that she was supposedly let go because of her inability to get along with another co-worker but "[t]his was a pretext because this new supervisor did not want to grant a reasonable accommodation [in light of Plaintiff's disability]." (Pl.'s Resp.) Due to the nature of Plaintiff's response, the Court considers the Defendant's motion substantively unopposed.

II.  **Analysis**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

2

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); s*ee also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

### A. Failure to State a Claim

Defendant argues that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6). Defendant argues, in essence, that Plaintiff does not state a sufficient factual basis to survive a motion to dismiss and relies on conclusory statements. (Def.'s Br. 6.)

#### 1. Disability Discrimination

Plaintiff's first claim regarding discrimination based on her alleged disability arises under the Americans with Disabilities Act ("ADA"), which provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . [the] discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a *prima facie* case under the ADA, Plaintiff must show that she (1) has a disability; (2) is a qualified individual; and (3) has suffered an adverse employment action because of that disability. *Stouch v. Irvington*, 354 F. App'x 660, 666 (3d Cir. 2009) (citing *Turner v. Hershey Chocolate USA*, 440 F.3d 604, 611 (3d Cir. 2006)).

With regard to the first prong, and whether Plaintiff has a disability, she alleges that she has undergone two hip replacements and bilateral hand surgeries. This, however, standing alone does not sufficiently meet the definition of an actual disability under the ADA. Specifically, Plaintiff's Complaint simply does not provide enough facts for the Court to determine whether or not Plaintiff suffers "a physical or mental impairment that substantially limits one or more . . . major life activities." *Williams v. Philadelphia Hous. Auth. Police Dept.*, 380 F.3d 751, 762 (3d Cir. 2004) (internal citation omitted).

Regarding the Plaintiff's qualified status, the Complaint does not aver sufficient facts as to whether Plaintiff is a "qualified individual." A qualified individual is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff's Complaint does not set forth what accommodation would be reasonable, or whether such an accommodation would enable her to perform the essential functions of her employment as a nurse. Of note, the EEOC questionnaire, annexed to Plaintiff's Complaint, inquired whether her disability prevented or limited her from doing anything and what assistance she requested. Plaintiff responded she had difficulty with the insertion of intravenous catheters and requested assistance from a colleague whenever a patient required an intravenous infusion. Plaintiff's Complaint fails to allege that she can perform the essential functions of her job, with or without reasonable accommodation. Since Plaintiff fails to proffer sufficient factual allegations to support a claim of disability discrimination, the Court grants Defendant's Motion to Dismiss, without prejudice, and grants leave for Plaintiff to file an Amended Complaint.

**2. Age Discrimination**

Plaintiff asserts that her termination violates the Age Discrimination in Employment Act of 1967 ("ADEA"), which makes it unlawful for an employer to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1).

In order to establish a *prima facie* case under the ADEA, Plaintiff must demonstrate (1) she is in a protected group, (2) an employer made an adverse employment decision, and, (3) but for her protected status, the employment decision would have benefitted plaintiff. *See McDonell*

*Douglas Corp. v. Green*, 411 U.S. 792 (1978); *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

Plaintiff offers virtually no facts with regard to this allegation. She merely states that Defendant's conduct was discriminatory with respect to her age, and by way of a parenthetical, states she is "over 40 [years] old." Notably, her EEOC questionnaire states that another woman of the same position, who was 50 years of age, was treated "better" than her. "In the absence of factual averments supporting [plaintiff's] discrimination claims, the District Court properly found that [plaintiff] failed to raise a plausible right to relief under the pleading standard established by *Twombly*." *Guirguis v. Movers Specialty Serv., Inc.*, 346 F. App'x 774, 776 (3d Cir. 2009).

Plaintiff alleges she was terminated based on the pretext of her inability to get along with her coworkers. (ECF No. 17.) Conclusory assertions cannot be credited. *Twombly*, 550 U.S. at 555 ("[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") The facts as pleaded in Plaintiff's Complaint are insufficient to support a claim under the ADA or the ADEA and therefore do not meet the pleading standard to survive a Rule 12(b)(6) motion.

### B.     Timeliness of Filing

Defendant argues that Plaintiff's Complaint should be dismissed because it was not timely filed. Pursuant to 42 U.S.C. § 2000e-5(e)(1), a discrimination claim must be filed within 180 days of the alleged unlawful conduct. This deadline is extended to 300 days if there is an appropriate state agency where relief could be sought. Defendants argue that Plaintiff was

terminated on November 20, 2009. Further, it is alleged that Plaintiff made a request for reinstatement which was subsequently denied on March 8, 2010. Defendant claims that Plaintiff made no further contact with Defendant after March 8, 2010. Therefore, even under the extended time to file, the deadline would be 300 days from the date of termination, or September 16, 2010. Defendant argues that Plaintiff's Complaint is time-barred because she did not file with the EEOC until October 31, 2011.

In Plaintiff's filing with the EEOC, she states that the discriminatory acts occurred through February 2011. Specifically, Plaintiff alleges that on February 8, 2011 she spoke with a supervisor who informed her that she was no longer needed due to her inability to get along with a colleague. Defendant, however, argues that the Plaintiff was terminated on November 20, 2009.

For purposes of the present motion, the Court must accept as true all of Plaintiff's well-pleaded facts. In addition, the Court must liberally construe Plaintiff's allegations regarding Defendant's purported act of discrimination. Thus, for purposes of this motion, February 8, 2011 is the operative date of termination. Plaintiff's filing of a Complaint with the EEOC on October 31, 2011 would, therefore, comply with the 300 day deadline that applies "if the charge is also covered by state or local job discrimination law." Further, the EEOC issued a "Notice of Suit Rights" on February 15, 2012, which provided that Plaintiff may file a lawsuit within 90 days of receipt of the Notice. Plaintiff's suit was filed exactly 90 days later on May 15, 2012. At this juncture, the Court declines to dismiss Plaintiff's Complaint based on untimeliness. In amending her Complaint, the Plaintiff must plead, specifically, the effective date of her termination.

C. **Summary Judgment**

The Court at this time does not reach Defendant's request, in the alternative, for summary judgment.

III. **Conclusion**

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant's Motion to Dismiss is granted without prejudice. Plaintiff will be given 30 days to amend her Complaint consistent with this Opinion, including specifically setting forth the date of her termination. An order will be entered consistent with this Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**